NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0721n.06

No. 09-5811

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Nov 17, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee,* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| BYRON WALKER, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant.* | ) | |

BEFORE:    BOGGS, COLE, and CLAY, Circuit Judges.

**COLE, Circuit Judge**.  Defendant-Appellant Byron Walker challenges the reasonableness

of the 168-month sentence the district court imposed after he pleaded guilty to possession of cocaine

with intent to distribute in violation of 21 U.S.C. § 841(a)(1).  Walker contends that the district court

failed to consider certain legal arguments made by counsel, mis-weighed the applicable sentencing

factors, and considered impermissible sentencing factors.  We **AFFIRM** the district court's sentence.

**I.**

In April 2008, the Shelby County Sheriff's Office Narcotics Unit executed a search warrant

at a house in Memphis, Tennessee.  The officers searched the house with the aid of a drug-sniffing

dog and discovered 20.2 pounds of marijuana, 8.2 grams of powder cocaine, 71 ecstasy tablets, 2

digital scales, and a Smith and Wesson .44 Magnum Revolver.  A grand jury charged Walker with

unlawful possession of a firearm, possession of cocaine with intent to distribute, possession of

ecstacy with intent to distribute, and possession of marijuana with intent to distribute, in violation of 18 U.S.C. § 922(g) and 21 U.S.C. § 841(a)(1). Walker pleaded guilty to possession of cocaine with intent to distribute, and the government dismissed the remaining charges.

Because Walker had three prior adult convictions for trafficking in controlled substances, the district court classified him as a Career Offender under U.S. Sentencing Guidelines § 4B1.1. Based on Walker's extensive criminal history (over twenty adult convictions), and that Walker committed the current offense within two years of being released from prison for another conviction, the district court assigned Walker twenty-seven criminal history points, resulting in a criminal history category of VI. The district court calculated the applicable Guidelines range to be 151 to 188 months. The district court sentenced Walker to 168 months of imprisonment, just below the middle of the Guidelines range, to be followed by three years of supervised release.

## II.

Walker challenges the reasonableness of his sentence. Sentences typically are reviewed for reasonableness under "'a deferential abuse-of-discretion standard.'" *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This inquiry has both a procedural and a substantive component. *Id.* (citing *Gall*, 552 U.S. at 51). However, if the defendant fails to object after the district court's invitation to do so under *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2008), we review any procedural reasonableness challenges not previously raised only for plain error. *United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc).

Whether the district court's invitation here for objections or requests for clarification complied with *Bostic* is unclear given the timing of the *Bostic* question. The district court asked the

question *after* its consideration of the 18 U.S.C. § 3553(a) factors and two separate statements suggesting a sentence of 168 months, but *before* it actually pronounced Walker's sentence. In any case, because we find that the district court did not abuse its discretion, let alone commit plain error, we need not resolve this issue. We therefore assume Walker has not forfeited his objections and review his claims under an abuse of discretion standard.

A.     Procedural Reasonableness

A sentence is procedurally unreasonable if the district court "fail[s] to calculate (or improperly calculat[es]) the Guidelines range, treat[s] the Guidelines as mandatory, fail[s] to consider the § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. Two of Walker's challenges are appropriately considered within our procedural reasonableness analysis: (1) failure to address Walker's argument asking the district court not to apply the Career Offender Guideline; and (2) failure to consider or explain adequately the reasons for rejecting Walker's mitigating arguments. *See United States v. Bolds*, 511 F. 3d 568, 579-80 (6th Cir. 2007).

The district court "is not required to give the reasons for rejecting any and all arguments made by the parties for alternative sentences," but "when a defendant raises a particular, nonfrivolous argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *United States v. Gapinksi*, 561 F.3d 467, 474 (6th Cir. 2009) (internal quotation marks and alterations omitted); *see also Bolds*, 511 F.3d at 580 (stating that the district court must set out its

reasoning with sufficient detail to permit meaningful review and to give the impression of fair sentencing).

Walker argued in his objections to the Presentence Investigation Report ("PSR") that the district court retained discretion to disregard the Career Offender Guideline as a matter of policy and urged the district court to do so. Walker argues on appeal that the district court failed to address this in sentencing. At the outset of the sentencing hearing, however, Walker abandoned this argument. In response to the district court's inquiry whether Walker was no longer objecting to the application of the Career Offender Guideline, defense counsel responded in the affirmative: "Yes, Your Honor, there's no objection to the application, it is correctly applied by the guideline book. We're just arguing 3553(a) factors." (R. 45 at 4.) The district court's reply suggests that it understood the argument to have been abandoned. This is further confirmed through examination of the sentencing hearing transcript, where defense counsel never requested a sentence below 151 months, the low end of the Guidelines after the Career Offender Guideline is applied. Since Walker abandoned this argument, the court was under no obligation to address it.

Additionally, Walker claims that the district court failed to consider or explain adequately its reasons for rejecting his arguments for a lower sentence, namely his school performance and family history. Walker's counsel described to the court how Walker's mother struggled with substance abuse during his childhood and how Walker performed well in school. The court then proceeded to consider the 18 U.S.C. § 3553(a) sentencing factors, beginning with the conduct that led to Walker's arrest and conviction. The court considered Walker's "history and characteristics," *see* 18 U.S.C. § 3553(a)(1), noting that Walker was "a career offender having had at least three prior

adult convictions for trafficking controlled substances," (R. 45 at 12-16), listing his convictions, and concluding that Walker was "a long time drug dealer." (*Id.* at 16-17.) The court acknowledged the mitigating factors that Walker's counsel raised, including Walker's performance in school and his early exposure to a narcotics-filled environment, stating "[w]e still have to look at what you did, and we would look at what anybody did, but it's another factor to be considered." (*Id.* at 17-18.) The court then moved to its consideration of the appropriate penalty in light of the § 3553(a)(2) factors.

For a "defendant's sentence to be procedurally reasonable, the district court . . . must make an individualized assessment . . . [through] consider[ation of] the unique circumstances of the defendant's case in light of the factors set out by Congress in 18 U.S.C. § 3553(a)." *United States v. Herrera-Zuniga*, 571 F.3d 568, 582 (6th Cir. 2009) (internal quotations and citations omitted). "The issue is not *how* the district court considered the relevant factors, but simply *whether* it considered them at all." *United States v. Husein*, 478 F.3d 318, 330 (6th Cir. 2007). The court acknowledged the arguments Walker raised and explained that they must be considered alongside other factors, specifically, Walker's extensive criminal history. The district court adequately considered Walker's arguments, and we hold his sentence to be procedurally reasonable.

### B.      Substantive Reasonableness

Procedurally reasonable sentences are reviewed for substantive reasonableness under an abuse-of-discretion standard. *Vonner*, 516 F.3d at 397. The touchstone for our review is whether the length of the sentence is reasonable in light of the § 3553(a) factors. *United States v. Recla*, 560 F.3d 539, 549 (6th Cir. 2009). A sentence is substantively unreasonable if the district court "'selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant

sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.'" *Lapsins*, 570 F.3d at 772 (quoting *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)). We grant a presumption of substantive reasonableness to sentences within the Guidelines range, which the defendant has the burden of rebutting. *United States v. Caver*, 470 F.3d 220, 247 (6th Cir. 2006); *see also Rita v. United States*, 551 U.S. 338, 347-51 (2007) (approving this presumption).

Walker's sentence is just below the middle of the Guidelines range, and he has not presented any reason to reject the presumption of reasonableness we afford to within-Guidelines sentences. Walker argues that the district court gave only lip service to his mitigating arguments, and accorded "an inordinate amount of weight" to Walker's criminal history. But as the government points out, Walker's "criminal history was inordinately weighty." (Gov't Br. 17.) The district court assigned Walker twenty-seven criminal history points, stemming from over twenty adult convictions. The district court considered Walker's arguments regarding his family history and performance in school, but also Walker's numerous convictions. After engaging with defense counsel on the relative importance of the mitigating factors, the court concluded that a sentence longer than 151 months, but still within the Guidelines range, was warranted by the need to promote respect for the law, afford adequate deterrence to criminal conduct, and protect the public—concerns that are relevant under § 3553(a) and reasonable in light of Walker's extensive criminal history.

As described above, the "touchstone" of substantive reasonableness is the § 3553(a) factors. *Recla*, 560 F.3d at 539. Here, the district court carefully considered "the nature and circumstances of the offense and the history and characteristics of the defendant;" the need for the sentence imposed "to reflect the seriousness of the offense," "to promote respect for the law," "to afford

adequate deterrence to criminal conduct," "to protect the public," and "to provide the defendant with needed educational or vocational training [and] medical care;" and the sentencing range established for "the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a). Accordingly, we conclude that the district court did not abuse its discretion in relying heavily on these considerations in imposing the sentence.

Finally, Walker argues that the district court impermissibly considered his physical appearance in imposing the sentence, citing to the transcript where the court stated, "[y]ou have got a bunch of tattoos, everybody knows that, it is set out here, and you're also a big guy, and so we know all that. I would know that if I just read the report, but I knew that anyway. Now, that's history and characteristics." (R. 45 at 18.) Walker contends that this statement suggests that he was less deserving of a low-end sentence because he was a "big guy" with a "bunch of tattoos," and that by consequence the sentence was substantively unreasonable. Nothing in the record, however, indicates that the court relied on these characteristics in determining Walker's sentence. The brief mention of Walker's size and tattoos occurs directly after the court's discussion of the mitigating factors presented in Walker's favor, which is the same order these topics are discussed in the PSR. This sequence suggests that the court mentioned Walker's physical characteristics simply to acknowledge their existence in the PSR. The court never mentions them again, and there is no suggestion or record evidence to support that these factors influenced the sentencing decision.

**III.**

For the reasons set forth above, we **AFFIRM**.